1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

VINCE BONNER,

           Plaintiff,

   v.

CAROLE CANNON,

           Defendant.

**ORDER**

Case No. 2:16-cv-2685 MCE CKD (PS)

17     On November 14, 2016, Defendant Carole Cannon, proceeding pro se, filed a

18 Notice of Removal of this unlawful detainer action from the Sacramento County Superior

19 Court.[1] ECF No. 1.  This Court has an independent duty to ascertain its jurisdiction and

20 may remand sua sponte for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

21 "The burden of establishing federal jurisdiction is on the party seeking removal, and the

22 removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche

23 Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).  "Federal

24 jurisdiction must be rejected if there is any doubt as to the right of removal in the first

25 instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As explained below,

26 Defendant has failed to meet that burden.

27

28

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge.  See E.D. Cal. Local R. 302(c)(21).

1

1    The Notice of Removal is premised on the argument that this Court has federal

2  jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 2.  However, a review of the

3  Complaint reveals that Plaintiff does not allege any federal claims; instead, Plaintiff

4  alleges only unlawful detainer under state law.  ECF No. 1, Ex. A, at 1.

5    "The presence or absence of federal-question jurisdiction is governed by the 'well-

6  pleaded complaint rule,' which provides that federal jurisdiction exists only when a

7  federal question is presented on the fact of plaintiff's properly pleaded complaint."

8  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the

9  complaint "establishes either that [1] federal law creates the cause of action or that [2]

10  the plaintiff's right to relief necessarily depends on resolution of a substantial question of

11  federal law."  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage

12  Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd.

13  v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27-28 (1983)).

14    Here, Plaintiff's one cause of action is for unlawful detainer under state law.  At

15  most, Defendants argue that they have a defense under federal law.  "A case may not

16  be removed to federal court on the basis of a federal defense . . . even if the defense is

17  anticipated in the plaintiff's complaint, and even if both parties admit that the defense is

18  the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of

19  Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)

20  (citation omitted).  Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1331.[2]

21    Accordingly:

22  1.  The action is REMANDED to the Sacramento County Superior Court.

23  2.  The Clerk of Court is directed to serve a certified copy of the order on the

24    Clerk of the Sacramento County Superior Court, and reference the state case

25    number (No. 16 UD 06317) in the proof of service.

26  _____
    [2] Nor has Defendant established that this Court has diversity jurisdiction, since the Notice of
27  Removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000.
    See Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12-01641 GAF (CMx), 2012 WL 1193613, at *2
    (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in
28  unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

3. Defendant's Motion to Proceed in Forma Pauperis, ECF No. 2, is DENIED as moot.

4. The Clerk of Court is directed to close this case and vacate all dates.

5. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. 16 UD 06317.

IT IS SO ORDERED.

Dated:  November 14, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE